**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARON A. EVANS,

        Plaintiff,

v.                                  CASE NO. 06-14192
                                  HON. LAWRENCE P. ZATKOFF

FEDERAL BUREAU OF INVESTIGATION
et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)**

**I. INTRODUCTION**

Plaintiff Sharon Evans filed her *pro se* Complaint on September 22, 2006. In her Complaint, Plaintiff alleges that Detroit Mayor Kwame Kilpatrick instructed her to call President Bush so that he could direct Defendant to have her son returned from Dublin, Georgia. Currently before the Court is Plaintiff's request to proceed without prepayment of fees. Plaintiff's request to proceed without prepayment of fees is GRANTED; however, the Court will DISMISS Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**II. BACKGROUND**

Plaintiff's Complaint does not allege that she has been wronged in any way or that any of her rights have been violated. Instead, Plaintiff merely asks the Court to follow through on President Bush's orders to Defendant to return Plaintiff's son to her. Plaintiff claims that her son is in protective custody in Dublin, Georgia. Additionally, Plaintiff asks the Court to release her paycheck

for $825 million.

## III. ANALYSIS

**A. Plaintiff's Request to Proceed without Prepayment of Fees**

Plaintiff has filed a motion to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied with a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiffs' financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed without prepayment of fees.

**B. Dismissal Under § 1915(e)(2)**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss" the case at any time if the court finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's request to have her son returned to her do not state a cause of action. The Court also finds that none of Plaintiff's other factual allegations raise a valid claim. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). *See Schied*, at 436; *see Hendrock*, at 574. Because the Court has no discretion to allow the Plaintiff to amend his Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint

for failing to state a claim upon which relief can be granted. *See McGore*, at 612.

### IV. CONCLUSION

Therefore, for the reasons set forth above, Plaintiff's request to proceed without prepayment of costs is GRANTED; however, the Court HEREBY DISMISSES Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: October 3, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 3, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290